UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK C. MORELOCK,<br><br>Plaintiff,<br><br>v.<br><br>TOBIAS PARSONS,<br>HEATHER LANEY, and<br>McMINN COUNTY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 1:18-CV-218-TAV-CHS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint for relief under 42 U.S.C. §1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2], as well as Plaintiff's prisoner trust fund account statement [Doc. 3]. For the following reasons, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. Plaintiff's complaint, however, will be **DISMISSED** for failure to state a claim.

**I. FILING FEE**

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 2] and the prisoner trust fund account statement [Doc. 3] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**.

Because Plaintiff is incarcerated in the McMinn County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00), as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of McMinn County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act ("PLRA") relating to payment of the filing fee. The Clerk will also be **DIRECTED** to forward a copy of this memorandum and order to the Court's financial deputy.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus,

to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## III. ALLEGATIONS OF THE COMPLAINT

Plaintiff sets forth three claims in his complaint [Doc. 1]. First, Plaintiff asserts that he has been unable to receive a copy of his medical records relating to an injury he received (and for which he has a separate lawsuit pending in this district, *Morelock v. Richardson, et al.*, No. 1:18-CV-76-JRG-CHS (E.D. Tenn. filed April 26, 2018)) despite multiple

requests to jail officials, including Defendant Parsons [*Id.* at 4–6]. Next, Plaintiff asserts that prisoner mail at the McMinn County Justice Center is only picked up and delivered on Monday, Wednesdays, and Fridays and that mail from his pod was not sent out for a week during Defendant Laney's vacation [*Id.* at 6]. Plaintiff claims that these mail policies have limited his access to the courts and caused him to miss two important dates in his case [*Id.* at 6]. Lastly, Plaintiff alleges that Defendant Laney gave some of his legal mail to a mentally disabled inmate in violation of federal law, that Defendant Laney apologized and stated that it was an accident, and that Defendant Laney was not reprimanded for this incident despite Plaintiff filing a grievance [*Id.* at 6–7].

## IV. LEGAL ANALYSIS

As set forth above, Plaintiff's first claim is that he has been unable to obtain a copy of his medical records despite numerous requests. Plaintiff, however, has not alleged any injury as the result of his inability to obtain these records. To the extent Plaintiff intended to assert that his inability to obtain these records amounts to denial of access to the courts, Plaintiff has not set forth anything to suggest that his lack of these records has prejudiced any pending legal action, as would be required to establish such a claim. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (holding that a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts to state a claim for denial of access to courts). Further, to the extent Plaintiff asserts that his lack of medical records may affect his separate pending civil rights action in the future, he may pursue those records in that case in accordance with the Federal Rules of

4

Civil Procedure. Thus, Plaintiff's allegation that he has not been able to obtain a copy of his medical records fails to state a claim upon which relief may be granted under § 1983.

Plaintiff likewise has not set forth any facts from which the Court may plausibly infer that Defendant McMinn County's mail policies have violated his constitutional rights. Specifically, while Plaintiff alleges that the jail only has mail service on certain days, that his pod's mail was not sent out for one week during Defendant Laney's vacation, and that these mail policies have limited Plaintiff's access to the courts and caused him to miss deadlines in a case, he has not suggested that missing these deadlines prejudiced any meritorious claims, nor has he set forth any facts suggesting that these policies have hindered his right to freedom of speech. *Id.*; *see also Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010) (stating that, for an allegation regarding legal mail to state a claim under § 1983, "[t]here must be some allegation that the prison official's conduct amounted to denial of access to the courts or some form of censorship of speech"). Accordingly, Plaintiff's allegations regarding Defendant McMinn County's mail policies also fail to state a claim upon which relief may be granted under § 1983.

Lastly, Plaintiff's allegation that Defendant Laney gave his legal mail to a mentally ill inmate on one occasion is insufficient to establish a violation of Plaintiff's constitutional rights. *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson v. Wilkinson*, 229 F.3d 1152, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000)), (holding that "isolated incidents" of interference with prisoners' rights do not rise to the level of a First Amendment violation); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (holding

5

that "a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation"). Also, Plaintiff again has not alleged any prejudice to his pending claims as the result of this incident, as would be required to assert a violation of his right of access to the courts under the First Amendment. *See Truss-El v. Bouchard*, 103 F. App'x 575, 577 (6th Cir. 2004) (upholding dismissal of prisoner's claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation). Accordingly, this allegation also fails to state a claim upon which relief may be granted under § 1983.

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee;

3. The custodian of Plaintiff's inmate trust account at the institution where he now resides will be **DIRECTED** to submit payments toward the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to send a copy of this memorandum opinion and the accompanying order to the Sheriff of McMinn County and the Court's financial deputy; and

5. The complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE